# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KENNETH R. KUNZER,

          Plaintiff,

v.

STUART G. FOSTER, DEANNA
FOSTER, CARPETS 'N MORE, INC.,
KIM A. ACH, THE ESTATE OF STEVE
B. ACH, GRETCHEN D. THILMONY,
SAMUEL S. RUFER, MARK J.
KEMPER, and PATRICK A. BAKKEN,

          Defendants.

Case No. 24-cv-3726 (LMP/LIB)

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

---

Kenneth R. Kunzer, *pro se*.

Paul B. Hunt, **Karkela, Hunt & Cheshire, PLLP, Perham, MN**, for Defendants Stuart G. Foster, DeAnna Foster, and Carpets 'N More, Inc.

Jeffrey W. Thone and Hanna F. Weil, **Sanford, Pierson, Thone & Strean, PLC, Wayzata, MN**, for Defendants Kim A. Ach and The Estate of Steve B. Ach.

Janine W. Kimble, **Minnesota Attorney General's Office, St. Paul, MN**, for Defendant Gretchen D. Thilmony.

Mark A. Bloomquist and Megan K. Seavey, **Meagher & Geer, P.L.L.P., Minneapolis, MN**, for Defendant Samuel S. Rufer.

Suzanne L. Jones and Killian J. Commers, **Gordon Rees Scully Mansukhani, LLP, Minneapolis, MN**, for Defendant Mark J. Kemper.

Barton J. Cahill and Jenna Bergman, **Fisher Bren & Sheridan, LLP, Fargo, ND**, for Defendant Patrick A. Bakken.

Plaintiff Kenneth R. Kunzer ("Kunzer") brought this action against Defendants,

asserting a plethora of state-law tort claims, a Section 1983 claim, a Section 1985 claim,

and violations of at least seventeen federal and state criminal statutes.  *See* ECF No. 1.

Defendants Stuart G. Foster ("Stuart Foster"), DeAnna Foster, Carpets' N More, Inc., Kim

A. Ach ("Kim Ach"), The Estate of Steve B. Ach, Gretchen D. Thilmony ("Judge

Thilmony"), Samuel S. Rufer ("Rufer"), Mark J. Kemper ("Kemper"), and Patrick A.

Bakken ("Bakken") move to dismiss Kunzer's complaint.  *See* ECF Nos. 4, 10, 17, 29, 58,

67.  For the following reasons, the Court grants Defendants' motions.

## FACTUAL BACKGROUND

In 1997, Kunzer bought a tract of land in Becker County, Minnesota, from Stuart

Foster and DeAnna Foster.  ECF No. 1 ¶ 21; ECF No. 1-1 at 1–2.  The tract is subject to a

restrictive covenant that requires single-family dwellings on the tract to have a minimum

main floor area of 1,500 square feet.  ECF No. 1-1 at 2.  Stuart Foster and DeAnna Foster

remained owners of a neighboring tract of land that was subject to the same restrictive

covenant.  ECF No. 1 ¶¶ 41–42.  Steve and Kim Ach also purchased a neighboring tract of

land that was subject to the same restrictive covenant.  ECF No. 1 ¶¶ 40–42; ECF No. 1-1

at 22–26.

In November 2021, Kunzer asked Stuart Foster to remove the 1,500-square-foot

restrictive covenant from Kunzer's property, stating that it was "impossible" to build a

dwelling on the tract because of the risk that Stuart Foster could "amend the covenant at

any time."  ECF No. 1-1 at 27.  Stuart Foster declined to remove the covenant, explaining

that "[t]here is nothing prohibiting you from building a home on your lot as long [as] it

meets the Restrictive Covenants that you agreed to prior to purchasing the property."  *Id.*

at 28.

Concerned that Stuart Foster could later increase the minimum floor area requirement, Kunzer consulted with Rufer, an attorney, who informed Kunzer that he was allowed to build a dwelling "with 1500 sq ft of minimum main floor area." *Id.* at 46. Rufer also informed Kunzer that if he built a dwelling of that size, and Stuart Foster later increased the minimum floor area requirement, Kunzer's property would be "grandfathered in." *Id.*

Kunzer evidently did not believe Rufer's advice. ECF No. 1 ¶¶ 187–90. In August 2022, Kunzer brought a "quiet title" action in Minnesota state court against Stuart Foster, DeAnna Foster, Carpets 'N More, Steve B. Ach, and Kim Ach. ECF No. 8-1 at 3–6.[1] Bakken was the attorney who represented Stuart Foster, DeAnna Foster, and Carpets 'N More; Kemper was the attorney who represented Steve B. Ach and Kim Ach. *Id.* at 49. Judge Thilmony was the district court judge presiding over the state-court action. ECF No. 1 ¶ 18. Kunzer asked the state court to declare that his property was not subject to the 1,500-square-foot restrictive covenant. ECF No. 8-1 at 6.

After Kunzer unsuccessfully attempted to remove the case to federal court, *see Parenteau v. Foster*, No. 22-cv-2913 (ECT/DJF), ECF No. 25 (D. Minn. Dec. 19, 2022), the defendants in the state-court action moved to dismiss Kunzer's complaint, ECF No. 8-1 at 37–47. On April 18, 2023, Judge Thilmony granted the motion to dismiss, upholding the restrictive covenants on Kunzer's property and noting that any structure built before

---

[1]    This Court may consider public records from the state-court action without converting the motions to dismiss into motions for summary judgment. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). No party objects to the Court's consideration of these materials or questions their authenticity.

Stuart Foster amended the restrictive covenant would fall under the nonconforming use rule. *Id.* at 49–59. Judge Thilmony also sanctioned Kunzer and awarded attorneys' fees and costs to the Fosters, observing Kunzer's "extreme" conduct in the case "by filing excessive and frivolous pleadings." *Id.* at 73–74. Judge Thilmony further imposed filing restrictions on Kunzer, prohibiting him from filing any new litigation against the state-court defendants related to the restrictive covenant unless prior authorization was given by a judicial officer. *Id.* at 74.

On September 19, 2023, the Minnesota Court of Appeals dismissed Kunzer's appeal of the dismissal order as untimely. *Parenteau v. Foster*, A23-1014, 2023 WL 6173382, at *2 (Minn. Ct. App. Sept. 19, 2023). On February 1, 2024, the Minnesota Court of Appeals affirmed the sanctions order against Kunzer. *Parenteau v. Foster*, A23-1014, 2024 WL 542531, at *1 (Minn. Ct. App. Feb. 1, 2024). On May 6, 2024, Kunzer petitioned to file a new action in Minnesota state court, which Judge Thilmony denied because Kunzer's proposed complaint was essentially identical to the complaint which Judge Thilmony had previously dismissed. ECF No. 1-1 at 67–69.

Barred from state court, Kunzer again turned to federal court. On September 24, 2024, Kunzer began this action against Stuart Foster, DeAnna Foster, Carpets 'N More, Kim Ach, and The Estate of Steve B. Ach (the defendants in the state-court action), Rufer (the attorney who provided advice to Kunzer), Bakken and Kemper (attorneys for the defendants in the state-court action), and Judge Thilmony (the judge who presided over the state-court action). *See* ECF No. 1. Although Kunzer's lengthy complaint is difficult to follow, it appears that Kunzer's primary claim is that Defendants conspired in the state-

court action to deprive Kunzer of his constitutional rights. *See, e.g., id.* ¶¶ 1, 109–229; 277–316. Kunzer also brings various tort and criminal claims against various Defendants, including allegations that: (1) Stuart Foster trespassed on and interfered with Kunzer's land, *id.* ¶¶ 63–72; (2) Stuart Foster took timber from Kunzer's land, *id.* ¶¶ 73–81, 248–52; (3) Stuart Foster wrongfully obtained a harassment restraining order against Kunzer, *id.* ¶¶ 82–108; (4) Stuart Foster and DeAnna Foster have a maliciously maintained structure on their land, *id.* ¶¶ 265–76; and (5) Rufer committed legal malpractice, *id.* ¶ 152. All Defendants now move to dismiss Kunzer's complaint. *See* ECF Nos. 4, 10, 17, 29, 58, 67. Kunzer has filed opposition briefs to these motions, which generally parrot the allegations and arguments contained in the complaint. *See* ECF Nos. 48, 65, 73, 76.

## ANALYSIS

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Kunzer is

proceeding pro se, the Court is mindful to liberally construe his filings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

## I.    Judge Thilmony's Liability

Judge Thilmony argues that the claims against her must be dismissed under the doctrine of judicial immunity. ECF No. 20 at 14–16. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). The doctrine is grounded in the principle that "a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]." *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020) (citation omitted).

"A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge is not immune for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and second, a judge is not immune for actions "though judicial in nature, taken in the complete absence of all jurisdiction." *Just. Network Inc. v. Craighead County*, 931 F.3d 753, 760 (8th Cir. 2019) (citation omitted).

Neither of the narrow exceptions to judicial immunity apply here. First, all of Judge Thilmony's actions that Kunzer challenges are judicial actions because they are "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Kunzer essentially takes issue with Judge Thilmony's rulings in the state-court action, *see* ECF No. 1 ¶¶ 18, 194–96, 199–222, 279–96, which are core judicial actions, *see Ernst v. Hinchliff*, 129 F.

6

Supp. 3d 695, 721 (D. Minn. 2015) (explaining that the "rendering of a written decision" is a "quintessential judicial act"); *Cassell v. County of Ramsey*, No. 15-cv-2598 (PJS/JJK), 2015 WL 9590802, at *5 (D. Minn. Dec. 11, 2015) ("Issuing an order is a function normally performed by a judge and is a function that the parties deal with the judge in the judge's judicial capacity.").

Kunzer also does not show that Judge Thilmony acted "in the complete absence of all jurisdiction." *Just. Network*, 931 F.3d at 760 (citation omitted). "[A]n action—taken in the very aid of the judge's jurisdiction over a matter before [her]—cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13. The Court is to "construe broadly the scope of the judge's jurisdiction." *Just. Network*, 931 F.3d at 762 (citation omitted) (internal quotation marks omitted). Importantly, a judge "does not lose immunity for all judicial acts taken in excess of jurisdiction"; otherwise, "every appellate invalidation of an order based upon lack of jurisdiction would expose the trial judge to a suit for damages." *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003). Rather, immunity is lost only when the judge acts in the "clear absence of all jurisdiction." *Id.* (citation omitted).

Kunzer alleges that subject-matter jurisdiction was lacking in the state-court action, and that the state court did not have personal jurisdiction over him. *See, e.g.*, ECF No. 1 ¶¶ 18, 161. Not so. As the Minnesota Court of Appeals recognized in affirming the sanctions order against Kunzer, Kunzer waived any personal jurisdiction defense by bringing the state-court action in the first place, thereby "submitting [himself] to the court's jurisdiction and affirmatively invoking the court's power." *Parenteau*, 2024 WL 542531,

at *2 (quoting *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 381 (Minn. 2008)).  And the

Minnesota Court of Appeals also rejected Kunzer's myriad arguments that the district court

lacked subject-matter jurisdiction over his case.  *Id.* at *2–3.  The Court discerns no error

in the Minnesota Court of Appeals's subject-matter jurisdiction analysis, so the Court is

assured that the state district court had subject-matter jurisdiction over Kunzer's case.[2]

As for the discrete actions during the state-court case that Kunzer challenges, each

of those actions were "taken in the very aid of [Judge Thilmony's] jurisdiction over a matter

before [her]."  *Mireles*, 502 U.S. at 13.  Kunzer challenges Judge Thilmony's decisions to

dismiss Kunzer's lawsuit, grant sanctions against Kunzer, and deny Kunzer authorization

to file a new action.  *See* ECF No. 1 ¶ 18 ("[W]ithout personal and subject matter

jurisdiction Judge Thilmony then entered orders and judgments against Kunzer on

April 18th, 2023, June 30th, 2023, July 11th, 2023, and May 23rd, 2024 . . . ."); *id.* ¶¶ 199–

222.  But Judge Thilmony was authorized by Minnesota statutes and court rules to take

these actions in aid of her jurisdiction over Kunzer's case.  *See* Minn. R. Civ. P. 12

(authorizing district court to dismiss action); Minn. R. Civ. P. 11 (authorizing district court

---

[2]     Even from first principles, Kunzer's challenge to subject-matter jurisdiction fails.
Minnesota district courts "have original jurisdiction" in "all civil actions within their
respective districts." Minn. Stat. § 484.01, subd. 1(1).  Kunzer brought a "quiet title" action
in state district court, ECF No. 8-1 at 3–6., which is a civil action arising under state law,
*see Westman v. Specialized Loan Servicing, LLC*, No. A23-1634, 2024 WL 3648465, at *2–
3 (Minn. Ct. App. Aug. 5, 2024).  The state district court therefore had original jurisdiction
over Kunzer's case.

to impose sanctions); Minn. Stat. § 549.211 (same).[3]  Although Kunzer alleges that Judge

Thilmony acted in the "absence of all jurisdiction," ECF No. 1 ¶¶ 290–94, the Court is not

bound to "accept as true [this] legal conclusion couched as a factual allegation," *Twombly*,

550 U.S. at 555 (citation omitted).  Kunzer alleges no facts demonstrating that Judge

Thilmony acted in absence of jurisdiction—let alone a *clear* absence of *all* jurisdiction.

Accordingly, Judge Thilmony is entitled to judicial immunity and the claims against her

are dismissed with prejudice.  *See Bergeron v. Ramsey Cnty. Courts*, No. 23-cv-2850

(NEB/DJF), 2023 WL 8251639, at *2 (D. Minn. Nov. 9, 2023) (citing *Grazzini-Rucki v.*

*Knutson*, 597 F. App'x 902, 903 (8th Cir. 2015) (per curiam)).

## II.     Criminal Violations

The Court next addresses Defendants' argument that Kunzer lacks standing to bring

claims premised on violations of criminal statutes.  ECF No. 7 at 11–12; ECF No. 12 at 6;

ECF No. 20 at 19–20; ECF No. 31 at 3–4; ECF No. 60 at 4–5; ECF No. 69 at 6–9.  In

---

[3]      It appears that part of Kunzer's jurisdictional argument proceeds from a
fundamental misunderstanding of Minnesota's voluntary-dismissal rules.  Kunzer suggests
that the district court lacked jurisdiction to enter orders and judgments against him because
he voluntarily dismissed his state-court action on December 19, 2022, before the state
district court entered the challenged orders and judgments against Kunzer.  ECF No. 1
¶¶ 200–03.  But the state-court defendants had answered Kunzer's complaint before he
attempted to voluntarily dismiss the action, *see Parenteau v. Foster*, 03-CV-22-1539, Index
#18, 25 (Minn. Dist. Ct.), meaning that Kunzer could not dismiss his lawsuit without
permission of the state district court.  *See* Minn. R. Civ. P. 41.01(b).  The state district court
did not grant Kunzer permission to dismiss his lawsuit, so his lawsuit continued in state
court (even if Kunzer mistakenly thought that he had dismissed it).

response to these arguments, the Court simply quotes from a case with which Kunzer is

familiar:

> It is well-established that criminal statutes are public in nature, prosecuted in
> the name of the United States to protect society's interest in security, fairness
> and freedom.  The presence of a criminal statute neither creates nor implies
> a corresponding private right of action. Private citizens, such as Kenneth
> Kunzer, do not have standing to enforce criminal statutes or have them
> enforced.  Simply stated, private citizens generally have no standing to
> institute federal criminal proceedings.

*Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060–61 (D. Minn. 2009) (citations omitted); *see*

*also Summers v. R & D Agency, Inc.*, 593 N.W.2d 241, 245 (Minn. Ct. App. 1999)

(explaining the same in the context of state criminal statutes).  Indeed, when Kunzer

attempted to remove the underlying state-court action to federal court, the federal district

court informed Kunzer that the "federal criminal statutes identified . . . do not provide

private rights of action."  *Parenteau v. Foster*, No. 22-cv-2913 (ECT/DJF), ECF No. 25

at 3 (D. Minn. Dec. 19, 2022).  Kunzer offers no reason to depart from the well-established

rule that private citizens lack standing to institute criminal proceedings.  To the extent that

Kunzer's complaint alleges violations of criminal statutes, those claims are dismissed with

prejudice.[4]  *See Newman v. JP Morgan Chase Bank, N.A.*, 81 F. Supp. 3d 735, 746 n.7 (D.

---

[4]      This conclusion also applies to any claims Kunzer brings premised on violations of
the Minnesota Rules of Professional Conduct (ECF No. 1 ¶¶ 151–52) and the Minnesota
Code of Judicial Conduct (ECF No. 1 ¶¶ 161–81). *See L & H Airco, Inc. v. Rapistan Corp.*,
446 N.W.2d 372, 380 (Minn. 1989) ("A violation of the Rules of Professional Conduct
cannot give rise to a private action against an attorney."); *Roberson v. Minnesota*, No. 16–
cv–2578 (ADM/HB), 2016 WL 11198359, at *8 (D. Minn. Dec. 19, 2016) (holding the
same for the Code of Judicial Conduct), *report and recommendation adopted,* 2017 WL
131742 (D. Minn. Jan. 13, 2017).  The same can be said of Kunzer's claim under Minn.
Stat. § 484.08, which confers no private right of action but only provides that "[t]he district

Minn. 2015) ("When a complaint is so deficient or defective that the court is convinced

that its defects cannot be cured through re-pleading, dismissal with prejudice is

appropriate.").

## III.   Section 1983 Claim

The Court arrives at the heart of Kunzer's complaint: that Defendants conspired in

the state-court action to deprive Kunzer of his constitutional rights.[5]  ECF No. 1 ¶¶ 1, 109–

229; 299–316.[6]  To state a Section 1983 conspiracy claim, a plaintiff must show: (1) that

the defendant conspired with others to deprive him of constitutional rights; (2) that at least

---

courts of the state shall be deemed open at all times, except on legal holidays and Sundays."
Kunzer also provides no authority demonstrating that the Remedies Clause of the
Minnesota Constitution (Article I, Section 8) establishes a free-standing cause of action.
*Cf. Hoeft v. Hennepin County*, 754 N.W.2d 717, 726 (Minn. Ct. App. 2008) (explaining
that the Remedies Clause "is not a separate and independent source of legal rights").

[5]      In addition to his Section 1983 conspiracy claim, Kunzer also brings a Section 1983
claim against Judge Thilmony, alleging that she alone deprived him of his constitutional
rights.  ECF No. 1 ¶¶ 277–98.  But because Judge Thilmony is immune from suit, the Court
does not address this claim.

[6]      Defendants argue that the *Rooker-Feldman* doctrine bars Kunzer's Section 1983
claim.  ECF No. 7 at 7–8, ECF No. 12 at 9–10; ECF No. 31 at 7–8; ECF No. 60 at 7–8;
ECF No. 69 at 10–11.  That doctrine establishes "the narrow proposition that . . . the inferior
federal courts lack subject-matter jurisdiction over 'cases brought by state-court losers
complaining of injuries caused by state-court judgments rendered before the district court
proceedings commenced and inviting district court review and rejection of those
judgments.'"  *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 234 (8th Cir. 2013) (quoting
*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Ordinarily, the
Court would be required to confirm its subject-matter jurisdiction before proceeding to the
merits of this case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–97 (1998).
However, the Eighth Circuit has explained that a district court may bypass a "murky"
*Rooker-Feldman* analysis "where the merits easily result in dismissal."  *King v. City of
Crestwood*, 899 F.3d 643, 648 (8th Cir. 2018).  This is such a case.  Because Kunzer's
Section 1983 claim easily fails on the merits, the Court will not address the *Rooker-
Feldman* arguments.

one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff.  *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008).

The plaintiff must also show that the defendant acted "under the color of law."  *Id.* at 815–16.  Although this typically means that the defendant is a state actor, a private party may be liable under Section 1983 "for conspiring with state officials to violate a private citizen's rights."  *Id.* (citation omitted) (cleaned up).  When a private party is a participant in the conspiracy, a plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor . . . and the mutual understanding must be about the unlawful objective of a conspiracy."  *Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 845 (D. Minn. 2021) (citations omitted) (internal quotation marks omitted).

Here, all Defendants are private parties except Judge Thilmony.  Therefore, to plausibly state a Section 1983 conspiracy claim, Kunzer must sufficiently allege a "meeting of the minds" between Judge Thilmony and the private defendants to deprive him of his constitutional rights.  *Id.*  Kunzer fails to do so.

After stripping away the multitude of legal conclusions in Kunzer's complaint, *see Iqbal*, 556 U.S. at 678, Kunzer alleges that attorneys Bakken and Kemper conspired with Judge Thilmony to deprive Kunzer of his due process and property rights by: (1) filing motions to dismiss and sanctions motions with Judge Thilmony and obtaining judgments against Kunzer, ECF No. 1 ¶¶ 161–62; 202–03, 311–15; (2) failing to file a motion with

Judge Thilmony that would change the caption of the state-court action, *id.* ¶¶ 199, 285; and (3) failing to report Rufer's purportedly bad advice, *id.* ¶ 160.[7]

As an initial matter, "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam). Bakken and Kemper's failure to file a motion with Judge Thilmony and failure to report Rufer to disciplinary authorities are not acts of conspiracy because they are "private actions undertaken during the regular course of legal representation" with which Judge Thilmony was not involved. *Cassell v. County of Ramsey*, No. 10-cv-4981 (JRT/TNL), 2012 WL 928242, at *6 (D. Minn. Mar. 19, 2012). These actions were not taken "under color of state law" and cannot support a Section 1983 claim as a matter of law. *Holbird*, 949 F.2d at 1020.

As for a Section 1983 conspiracy, the mere fact that Bakken and Kemper filed motions with Judge Thilmony does not suggest that there was a "meeting of the minds" between Bakken, Kemper, and Judge Thilmony; in fact, Judge Thilmony was free to deny those motions. *White*, 519 F.3d at 816. This Court can confidently say that an attorney does not reach an agreement with the Court simply by filing a motion with the Court.

Moreover, the fact that Judge Thilmony granted those motions, by itself, does not indicate that Judge Thilmony had a "mutual understanding" with Bakken and Kemper to deprive Kunzer of his constitutional rights. *Tirado*, 521 F. Supp. 3d at 845. It is purely

---

[7]      Kunzer does not factually allege any acts of conspiracy between Judge Thilmony and the other defendants.

speculative to conclude that because Judge Thilmony dismissed Kunzer's lawsuit and sanctioned him, she must have entered into an agreement with Bakken and Kemper to deprive Kunzer of his constitutional rights. Speculative allegations simply will not do at the motion-to-dismiss stage. *See Twombly*, 550 U.S. at 555.

The Eighth Circuit has affirmed dismissals of similar Section 1983 claims premised on vague, conclusory allegations of a conspiracy between judges and attorneys to deprive losing litigants of their constitutional rights. *See Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988); *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (per curiam). Kunzer's Section 1983 claim falls squarely within the scope of these cases because Kunzer's allegations "fall short factually of suggesting any mutual understanding or meeting of the minds in any conspiracy to deprive [Kunzer] of constitutional rights." *Deck*, 771 F.2d at 1170 (internal quotation marks omitted). The Court therefore grants Defendants' motion to dismiss Kunzer's Section 1983 claims. The Court grants dismissal of these claims with prejudice because Kunzer "failed to identify any solid ground on which [he] could stand" in his 51-page, 316-paragraph complaint, which indicates that an "attempt to amend would not likely be fruitful." *Bernstein v. Extendicare Health Servs., Inc.*, 607 F. Supp. 2d 1027, 1032 (D. Minn. 2009); *Harris v. Medtronic Inc.*, 729 F. Supp. 3d 869, 883 (D. Minn. 2024) ("Courts ultimately have discretion to decide between a dismissal with prejudice and one without prejudice.").

## IV.  Section 1985 Claim

Kunzer also alleges a Section 1985 claim against all Defendants, ostensibly on the same theory as his Section 1983 claim.  *See* ECF No. 1 ¶¶ 184–229.[8]  Although it is not clear under which provision of Section 1985 Kunzer brings his claim, the Court construes Kunzer's complaint to refer to the first clause of Section 1985(3), which relates to the deprivation of "equal protection of the laws, or of equal privileges and immunities under the laws."  *Cf.* ECF No. 1 at 30 (describing Kunzer's Section 1985 claim as "conspiracy to interfere with civil rights").

To state a claim under the first clause of Section 1985(3), a plaintiff must plausibly allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving another of equal protection or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation of a legal right.  *Federer v. Gephardt*, 363 F.3d 754, 757–58 (8th Cir. 2004).  The purpose element of Section 1985(3) also requires proof of class-based, discriminatory animus.  *Id.* at 758; *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (citation omitted).

Kunzer fails to allege any class-based, discriminatory animus.  Kunzer alleges only that Defendants have engaged in animus against him, and him alone.  *See, e.g.*, ECF No. 1 ¶ 228 (emphasis added) ("Defendants, each and every one of them, combined to engage in a scheme that was intended to violate the rights of *Plaintiff*.").  Because the requisite "class-

---

[8]  Like the Section 1983 claim, because Kunzer's Section 1985 claim is easily dismissed on the merits, the Court will not address Defendants' argument that the Section 1985 claim is barred by *Rooker-Feldman*.  *See King*, 899 F.3d at 648.

based animus" under Section 1985(3) does not include personal animus, Kunzer's Section 1985 claim must be dismissed. *See Shortbull v. Looking Elk*, 677 F.2d 645, 649 (8th Cir. 1982). And because it does not appear that Kunzer can plausibly allege any form of class-based animus, the Court will grant dismissal with prejudice. *See Newman*, 81 F. Supp. 3d at 746 n.7 (noting dismissal with prejudice is appropriate when re-pleading cannot cure a claim's defects).

## V.      Remaining State-Law Claims

The balance of Kunzer's claims are various state-law tort claims, including allegations that Stuart Foster trespassed on and interfered with Kunzer's land, ECF No. 1 ¶¶ 63–72; Stuart Foster took timber from Kunzer's land, *id.* ¶¶ 73–81, 248–52; Stuart Foster wrongfully obtained a harassment restraining order against Kunzer, *id.* ¶¶ 82–108; Stuart Foster and DeAnna Foster have a maliciously maintained structure on their land, *id.* ¶¶ 265–76; and Rufer committed legal malpractice, *id.* ¶ 152.

A district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray*

*County*, 420 F.3d 880, 888 (8th Cir. 2005) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, the Court has dismissed all of Kunzer's federal-law claims well before trial, and the Court observes that some of the state-law claims (like the alleged trespassing and theft of timber) may not be part of a "common nucleus of operative fact[s]" necessary to confer supplemental jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses those claims without prejudice, "so that [they] may be considered, if at all, by the courts of Minnesota." *Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).[9]

## CONCLUSION[10]

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motions to Dismiss of Defendants Stuart G. Foster, DeAnna Foster, Carpets 'N More, Inc., Kim A. Ach, The Estate of Steve B. Ach, Gretchen D. Thilmony, Samuel S. Rufer, Mark J. Kemper, and Patrick A. Bakken (ECF Nos. 4, 10,

---

[9]   Given that the Court has dismissed all of Kunzer's claims, it need not address Defendants' alternative argument that Kunzer's claims are barred by collateral estoppel.

[10]   Nearly two months after Defendants' motions were taken under advisement and after Defendant Kemper filed a motion for sanctions, ECF No. 82, Kunzer filed a request to amend his complaint. *See* ECF No. 89. Kunzer does not explain why leave to amend is appropriate under Fed. R. Civ. P. 15, nor does it appear that Kunzer satisfied the meet-and-confer requirement of Local Rule 7.1(a). Nonetheless, even construing Kunzer's filing as a motion for leave to amend under Fed. R. Civ. P. 15, Kunzer's proposed amendments would not save his complaint from dismissal, so the Court denies Kunzer's request to amend his complaint. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) ("Futility is a valid basis for denying leave to amend.").

17, 29, 58, 67) are **GRANTED**, and Kunzer's complaint (ECF No. 1) is **DISMISSED** as follows:

1.  Count I of Kunzer's complaint is **DISMISSED WITHOUT PREJUDICE**.

2.  Count II of Kunzer's complaint is **DISMISSED WITHOUT PREJUDICE**.

3.  The claims premised on criminal statutes in Count III of Kunzer's complaint are **DISMISSED WITH PREJUDICE**.  Count III of Kunzer's complaint is otherwise **DISMISSED WITHOUT PREJUDICE**.

4.  Count IV of Kunzer's complaint is **DISMISSED WITH PREJUDICE**.  To the extent that Count IV raises a claim of legal malpractice against Rufer, that claim is **DISMISSED WITHOUT PREJUDICE**.

5.  Count V of Kunzer's complaint is **DISMISSED WITH PREJUDICE**.

6.  Count VI of Kunzer's complaint is **DISMISSED WITHOUT PREJUDICE**.

7.  Count VII of Kunzer's complaint is **DISMISSED WITHOUT PREJUDICE**.

8.  Count VIII of Kunzer's complaint is **DISMISSED WITH PREJUDICE**.

9.  Count IX of Kunzer's complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2025                    *s/Laura M. Provinzino*
                                          Laura M. Provinzino
                                          United States District Judge

18