**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KENNETH R. KUNZER,

Plaintiff,

v.

STUART G. FOSTER, DEANNA
FOSTER, CARPETS 'N MORE, INC.,
KIM A. ACH, THE ESTATE OF STEVE
B. ACH, GRETCHEN D. THILMONY,
SAMUEL S. RUFER, MARK J.
KEMPER, and PATRICK A. BAKKEN,

Defendants.

Case No. 24-cv-3726 (LMP/LIB)

**ORDER GRANTING
DEFENDANT KEMPER'S MOTION
FOR SANCTIONS**

---

Kenneth R. Kunzer, *pro se*.

Suzanne L. Jones and Killian J. Commers, **Gordon Rees Scully Mansukhani, LLP,
Minneapolis, MN**, for Defendant Mark J. Kemper.

Defendant Mark J. Kemper ("Kemper") moves for Rule 11 sanctions against

Plaintiff Kenneth R. Kunzer ("Kunzer"). ECF No. 82. Kunzer has filed an opposition brief

to Kemper's motion. ECF No. 91. For the following reasons, the Court grants Kemper's

motion.

**ANALYSIS[1]**

Federal Rule of Civil Procedure 11(b) provides that by presenting a pleading to the

Court, "whether by signing, filing, submitting, or later advocating it," an unrepresented

---

[1]    This order incorporates herein the factual background set forth in the Court's
contemporaneously filed order on Defendants' motions to dismiss. ECF No. 98.

party certifies, to the best of the person's knowledge, information, and belief after a reasonable inquiry, that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

The primary purpose of Rule 11 is to "deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In determining whether Rule 11 has been violated, a court "must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) (citation omitted) (internal quotation marks omitted). A *pro se* party is not excused from complying with the requirements of Rule 11. *See Ginter v. Southern*, 611 F.2d 1226, 1227 n.1 (8th Cir. 1979) ("[W]e urge the district courts to assure compliance by *pro se* litigants with the requirements of Rule 11."); *cf. Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("*[P]ro se* litigants are not excused from failing to comply with substantive and procedural law.").

A party who violates Rule 11(b) may be sanctioned. *See* Fed. R. Civ. P. 11(c)(1). A district court enjoys "broad discretion" in determining an appropriate sanction under Rule 11, *Coonts*, 316 F.3d at 753, although the chosen sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4). In fashioning an appropriate sanction, the goal is to

2

"deter . . . litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Kirk Cap. Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). A court may consider "the wrongdoer's history, experience and ability, the severity of the violation, [and] the degree to which malice or bad faith contributed to the violation." *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995) (citation omitted).

## I.    Whether Kunzer Violated Rule 11

The Court easily finds that Kunzer violated Rule 11 in bringing this action. As explained in the Court's order granting Defendants' motions to dismiss, all of Kunzer's federal claims are patently without merit. That decision was not a close call: Kunzer's 51-page, 316-paragraph complaint essentially amounts to a rambling diatribe against those he feels have wronged him in the state-court action. Kunzer's complaint identifies not a single debatably plausible federal claim, let alone one "warranted by existing law." Fed. R. Civ. P. 11(b)(2).

In opposing Kemper's motion, Kunzer summarily asserts that his complaint "was presented for a proper purpose and was not filed to harass, cause unnecessary delay, or needless[ly] increase in the cost of litigation." ECF No. 91 at 7. In support of this proposition, Kunzer simply repeats the allegations of his complaint, *see id.* at 7–13—allegations which the Court found patently frivolous. Kunzer also states that "he made a reasonable inquiry into the facts or law before filing" his complaint, but his support for that proposition is simply noting that *pro se* litigants are held to less stringent pleading standards. *See id.* at 14. Although *pro se* litigants are granted some leeway in conducting

litigation, *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024), that leeway does not extend to violating Rule 11, *see Ginter*, 611 F.2d at 1227 n.1.

Kunzer's conduct in this case would be bad enough on its own, but this is not Kunzer's first rodeo with vexatious litigation. The Court cannot ignore the glaring parallels between this case and Kunzer's litigation history in this District. *See Pope*, 49 F.3d at 1328 (directing courts to consider "the wrongdoer's history" in analyzing a sanctions motion). In 1997, Kunzer lost a probate dispute in Minnesota state court. *See In re Tr. A Under the Will of Albert P. Herschler*, No. 62-TR-CV-17-60, Index #33 at 3 (Minn. Dist. Ct. Feb. 2, 2018).[2] But Kunzer "did not accept defeat quietly," instead filing an unceasing flurry of frivolous actions in state and federal court over the next 25 years to challenge the outcome of the probate dispute. *See Kunzer v. Hiniker*, No. 20-cv-0882 (JRT/KMM), 2020 WL 3271639, at *1 (D. Minn. June 3, 2020) (describing "Kunzer's crusade against a probate decision now a quarter-century past"). Kunzer even sought to have federal criminal charges brought against the parties in the probate dispute, and when the U.S. Attorney's Office declined his request, Kunzer petitioned the Court to prosecute the U.S. Attorney for the District of Minnesota for failing to bring charges. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060 (D. Minn. 2009).

Predictably, these lawsuits bore no fruit, and Kunzer was sanctioned no fewer than five times by state and federal judges. *See Hiniker*, 2020 WL 3271639, at *1, 3. Finally, in October 2013, Kunzer was restricted from submitting any new filings in Minnesota state

---

[2]    The Court may take judicial notice of public judicial records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

court related to the probate dispute. *See Herschler*, No. 62-TR-CV-17-60, Index #33 at 5. And in June 2020, United States District Judge John R. Tunheim entered a similar filing restriction against Kunzer in federal court. *See Kunzer v. Hiniker*, No. 20-cv-0882 (JRT/KMM), 2020 WL 3271513, at *1 (D. Minn. June 17, 2020).

Barred from further litigating against the probate court's decision, it seems that Kunzer has found a new passion project: litigating this dispute over a restrictive covenant against his neighbors. But this second verse is remarkably like the first. Like before, Kunzer is attempting to challenge a state-court decision he lost by filing new baseless actions in state and federal court. *See* ECF No. 1; ECF No. 1-1 at 67–69 (Judge Thilmony denying Kunzer permission to file a new lawsuit in Becker County that was essentially identical to the complaint which she had previously dismissed). Like before, Kunzer has sued basically anyone involved in litigating and adjudicating the state-court action. *Compare* ECF No. 1 (suing state-court defendants, the attorneys for the state-court defendants, Kunzer's own attorney, and the state-court judge overseeing the state-court action), *with Kunzer v. Doyscher*, No. 05-cv-2640, ECF No. 1 (D. Minn. Nov. 15, 2005) (suing state-court litigants, the attorneys for the state-court litigants, the state-court judges overseeing the probate dispute, and the Attorney General of Minnesota). Like before, Kunzer has alleged violations of criminal statutes—even though he has been warned twice that he cannot bring such claims as a private citizen. *See* ECF No. 1 ¶¶ 84–160, 173, 182–98, 204–29, 277–316; *Parenteau v. Foster*, No. 22-cv-2913 (ECT/DJF), ECF No. 25 at 3 (D. Minn. Dec. 19, 2022) (United States District Judge Eric C. Tostrud explaining to Kunzer that the "federal criminal statutes identified . . . do not provide private rights of

action"); *Magill*, 667 F. Supp. 2d at 1060–61 ("Private citizens, such as Kenneth Kunzer, do not have standing to enforce criminal statutes or have them enforced."). And like before, Kunzer alleges a wide-ranging conspiracy to deprive him of his constitutional rights. *Compare* ECF No. 1 ¶¶ 1, 109–229, 299–316, *with Doyscher*, No. 05-cv-2640, ECF No. 1 ¶¶ 142–50; ECF No. 1-1 ¶¶ 177–203.

The stark similarities between the frivolous probate-dispute litigation and the current frivolous restrictive-covenant litigation lead the Court to only one conclusion: Kunzer has filed the instant lawsuit for an "improper purpose"—namely, to harass those who prevailed against him in the state-court action (along with their lawyers and the presiding judge). That conduct plainly violates Rule 11. *See* Fed. R. Civ. P. 11(b)(1); *see also Dixon v. Rybak*, No. 06-cv-2579 (PAM/JSM), 2006 WL 2945564, at *2–3 (D. Minn. Oct. 13, 2006) (imposing sanctions on a *pro se* plaintiff who filed a complaint that included "a rambling collection of sentence fragments, vague accusations, and unexplained references to various statutes and legal doctrines").

## II.  Appropriate Sanctions

The Court next must fashion a sanction that is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Kemper requests that the Court impose a filing restriction on Kunzer. ECF No. 84 at 9.

There is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (citation omitted). Therefore, a court "may, in its discretion, place reasonable restrictions on any litigant who

files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1293 (citation omitted). A filing restriction must be narrowly tailored to fit the circumstances it is intended to address. *See In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009). When deciding whether to impose a filing restriction, courts in this District consider (1) the party's "history of litigation"; (2) whether the party had an "objectively good faith basis for pursuing the litigation"; (3) whether the party has caused "needless expense to other parties or has posed an unnecessary burden on the courts"; and (4) whether "other sanctions would adequately protect the court and other parties." *Fed. Nat'l Mortg. Ass'n v. Mashak*, No. 22-cv-3117 (KMM/DJF), 2023 WL 4622507, at *6 (D. Minn. July 19, 2023) (citation omitted).

As for Kunzer's history of litigation, the Court observes that Kunzer originally attempted to remove the state-court action regarding the restrictive covenant to federal court, an act that was itself frivolous, as the removal statutes clearly explain that only a *defendant* can remove a state-court action to federal court. 28 U.S.C. § 1441(a). In ordering remand of the restrictive-covenant dispute to state court, Judge Tostrud warned Kunzer that he could not bring claims under criminal statutes, *Parenteau*, No. 22-cv-2913 (ECT/DJF), ECF No. 25 at 3, an instruction that Kunzer failed to heed. Then, when Kunzer continued to file documents on the federal-court docket after Judge Tostrud had remanded the matter, Judge Tostrud warned Kunzer that "[f]urther unsupported filings here will prompt consideration and possible imposition of a filing restriction." *Id.*, ECF No. 39 at 2.

Typically, in this District, "courts first warn a litigant before placing them on the restricted filer list." *Nelson v. Ellison*, No. 23-cv-2122 (JRT/LIB), 2024 WL 714149, at *3

(D. Minn. Feb. 21, 2024).  Although Kunzer has not yet been warned by this Court about the possibility of a filing restriction, Judge Tostrud already warned Kunzer that continued frivolous filings in the restrictive-covenant dispute would merit a filing restriction.  And, of course, the Court cannot ignore Kunzer's history of frivolous litigation and the bad faith it demonstrates.  *See Pope*, 49 F.3d at 1328.  In fact, Kunzer has been on warning since at least 2020 that federal courts will impose filing restrictions on parties who engage in frivolous litigation.  *See Hiniker*, 2020 WL 3271513, at *1.

Given the parallels between Kunzer's previous spate of frivolous litigation and this latest round of litigation, the Court concludes that nothing short of a filing restriction will deter Kunzer from his frivolous and harassing litigation tactics.  History illustrates that monetary sanctions are not an effective means of deterring Kunzer's frivolous conduct.  For example, in the probate-dispute litigation, Kunzer was repeatedly sanctioned by state and federal judges and ordered to pay monetary sanctions.  *See Doyscher*, No. 05-cv-2640, ECF No. 71 at 23, 25, 27–28 (noting monetary sanctions levied against Kunzer in 1997, 1998, and 2004); ECF No. 107 at 4 (imposing monetary sanctions against Kunzer in 2006).  Not until filing restrictions were imposed in 2013 and 2020 in state and federal court, respectively, did Kunzer finally stop his onslaught of frivolous litigation in that probate dispute.  *See Herschler*, No. 62-TR-CV-17-60, Index #33 at 5; *Hiniker*, 2020 WL 3271513, at *1.  There is therefore little reason to think that monetary sanctions will effectively deter

8

Kunzer from heading down a similar path with this restrictive-covenant litigation.[3]

Accordingly, the first and fourth factors—Kunzer's history of litigation and the availability

of a lesser sanction—weigh in favor of a filing restriction. *See Fiorito v. Metro. Council*,

No. 25-cv-213 (DSD/DJF), 2025 WL 586453, at *2–3 (D. Minn. Feb. 24, 2025)

(ineffectiveness of monetary sanction weighs in favor of filing restriction).

The Court further observes that Judge Thilmony has already imposed filing

restrictions on Kunzer in Minnesota state court on submissions related to the restrictive-

covenant dispute. ECF No. 8-1 at 74. Failing to impose a reciprocal filing restriction in

federal court would continue to give Kunzer a platform to harass Defendants, who "have a

right to be free from harassing, abusive, and meritless litigation." *Tyler*, 839 F.2d at 1293

(citation omitted). If Kunzer cannot continue his vexations in state court, then he should

not be able to do so in federal court. *See Hiniker*, 2020 WL 3271639, at *2 ("The

Minnesota state courts long ago closed themselves as a venue for Mr. Kunzer's campaign

of abusive litigation. It is now time for this Court to do the same.").

As for whether Kunzer had an "objectively good faith basis for pursuing the

litigation," *Mashak*, 2023 WL 4622507, at *6, the Court concludes that he did not. As

described above and in the Court's order granting Defendants' motions to dismiss,

---

[3]     Moreover, in the state-court action, it appears that Kunzer has resisted paying the
monetary sanctions against him. In the state-court action, Kemper moved for an order to
show cause, asserting that Kunzer failed to comply with the state court's order requiring
post-judgment discovery. *See Parenteau v. Foster*, 03-CV-22-1539, Index #146 (Minn.
Dist. Ct. Oct. 17, 2024). The state district court scheduled a show-cause hearing, *id.*, Index
#159, but Kunzer did not appear at that hearing, leading to a bench warrant being issued
for Kunzer's arrest, *id.*, Index #165. It is unclear whether Kemper has been able to collect
the monetary judgment against Kunzer in the state-court action.

Kunzer's federal-law claims had no conceivable basis in law or fact. The very fact that Kunzer continues to bring claims predicated on criminal statutes—despite being on notice for over 15 years that he cannot do so, *Magill*, 667 F. Supp. 2d at 1060–61—demonstrates that Kunzer disregards his obligations to engage in responsible, good-faith litigation.

Finally, the expense to the parties and burden on the Court from Kunzer's frivolous litigation are immense. Kunzer's pleadings are, to put it mildly, not "short and plain statement[s] of the claim." Fed. R. Civ. P. 8(a)(2). Rather, Kunzer's *modus operandi* appears to center around filing lengthy and winding multi-count complaints against a web of defendants. *See Doyscher*, No. 05-cv-2640, ECF No. 1 (D. Minn. Nov. 15, 2005) (44-page, 238-paragraph complaint asserting 11 causes of action against 10 defendants); *Hiniker*, No. 20-cv-882 (JRT/KMM), ECF No. 1–1-3 (D. Minn. Apr. 6, 2020) (37-page, 172-paragraph complaint with 30 exhibits asserting 6 causes of action against 10 defendants); ECF No. 1 (51-page, 316-paragraph complaint asserting 9 causes of actions for violations of dozens of statutes and constitutional provisions against 9 defendants).

Frivolous filings waste the time and resources of the Court and of other litigants who comply with court rules. *See Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153–54 (D. Minn. 2011). That becomes all the more true when a litigant seeks to drown their opponents in a sea of voluminous filings. Here, dismissing this baseless lawsuit required the work of 10 attorneys to submit written briefing and oral argument in court, which no doubt created needless expense for the 9 Defendants, most of whom have also had to defend themselves in Kunzer's frivolous state-court action. *See* ECF No. 8-1 at 3. Without a filing restriction in place, history demonstrates that Kunzer

will likely continue inundating Defendants with a deluge of baseless filings. This Court

has no further appetite for Kunzer's decades-long antics, and Defendants should not be

expected to bear the burden of those antics. *Rued v. Hudson*, No. 24-cv-3409 (JRT/TNL),

2024 WL 4880385, at \*7 (D. Minn. Nov. 25, 2024), *report and recommendation adopted*,

2025 WL 762669 (D. Minn. Mar. 11, 2025) (discussing the "the significant burden"

imposed by frivolous litigants' filings and explaining that "without a filing restriction,

Plaintiffs will continue generating new federal litigation driven by their dissatisfaction

[with a state court decision]"). As far as the restrictive-covenant litigation is concerned,

that dispute ends today.

Accordingly, the Court will impose a restriction on Kunzer's ability to file actions

in this Court related to the prior state-court action at issue in this case.[4] As for Kemper's

request for his "reasonable attorney's fees, costs, disbursements, insurance deductible

payments, and other expenses incurred in having to defend this frivolous action," the Court

will deny Kemper that relief. A Rule 11 sanction must be "limited to what suffices to deter

repetition of the [sanctionable] conduct." Fed. R. Civ. P. 11(c)(4). After all, the goal of

Rule 11 is "not to compensate the opposing party for all of its costs in defending." *Bailey*,

16 F.3d at 1490. Here, the Court believes that a filing restriction suffices to deter further

---

[4]    Kunzer has received notice and an opportunity to be heard regarding the filing
restriction. *See Pointer*, 345 F. App'x at 205 (noting that a party must be given notice and
an opportunity to be heard before imposing a filing restriction). Kunzer has filed an
opposition brief to Kemper's sanctions motion, *see* ECF No. 91, which the Court has
considered in deciding the motion. The Court did not (and need not) hold an in-person
hearing on the motion. *See id.* (observing that notice and an opportunity to be heard "does
not. . . require an in-person hearing in the district court").

abuses of the federal court system by Kunzer.  *See Rued*, 2024 WL 4880385, at *8 (imposing a filing restriction but denying monetary sanctions because the filing restriction was sufficient to deter the sanctionable conduct).  Awarding attorney's fees and costs to Kemper in addition to the filing restriction would only serve to punish Kunzer, which is not the proper function of Rule 11 sanctions.  *See Hanson v. Loparex, Inc.*, No. 09-cv-1070 (SRN/FLN), 2011 WL 3609381, at *6 (D. Minn. Aug. 15, 2011) (quoting 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1336.3 (3d ed. 2004)) ("[T]he main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender.").

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Kemper's Motion for Sanctions (ECF No. 82) is **GRANTED**; and

2.    Plaintiff Kenneth R. Kunzer is **RESTRICTED** from filing any new civil actions in this District related to Minnesota Case No. 03-CV-22-1539 unless he is represented by counsel or obtains prior written authorization to file the action from a judicial officer of this District.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2025                    *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge