UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH R. KUNZER, | Case No. 24-cv-3726 (LMP/LIB) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S RULE 59(e) MOTIONS |
| STUART G. FOSTER, DEANNA FOSTER, CARPETS 'N MORE, INC., KIM A. ACH, THE ESTATE OF STEVE B. ACH, GRETCHEN D. THILMONY, SAMUEL S. RUFER, MARK J. KEMPER, and PATRICK A. BAKKEN, | |
| Defendants. | |

On April 17, 2025, the Court granted Defendants' motions to dismiss Plaintiff Kenneth R. Kunzer's ("Kunzer") complaint. ECF No. 98. Given the frivolous nature of Kunzer's complaint, the Court also granted Defendant Mark J. Kemper's ("Kemper") motion for sanctions and imposed a filing restriction on Kunzer. ECF No. 99. Kunzer timely moved to amend the Court's judgments relating to these two orders pursuant to Fed. R. Civ. P. 59(e). *See* ECF Nos. 102, 103. All Defendants except Kim A. Ach and The Estate of Steve B. Ach have responded in opposition. *See* ECF Nos. 104–08.

Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation omitted) (internal quotation marks omitted). Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or

raised prior to entry of judgment." *Id.* And Rule 59(e) "is not a vehicle to repeat arguments previously made to and rejected by the Court." *Benson v. Kemske*, No. 17-cv-3839 (MJD/DTS), 2021 WL 323954, at *2 (D. Minn. Feb. 1, 2021) (citing *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 626 n.6 (8th Cir. 2019)).

Kunzer's Rule 59(e) motions essentially parrot the allegations in his complaint and the legal arguments he already made during briefing on Defendants' motions to dismiss and Kemper's sanctions motion. Indeed, Kunzer's Rule 59(e) motion to amend the sanctions order repeats verbatim the arguments Kunzer made in his opposition brief to the sanctions motion. *Compare* ECF No. 91 at 2–15, *with* ECF No. 103-3 at 2–17. And Kunzer's Rule 59(e) motion to amend the dismissal order either simply repeats the allegations of his complaint or tracks the arguments Kunzer already made in his opposition briefs. *Compare* ECF No. 102-3 at 2–8 (factual background in Kunzer's Rule 59(e) motion challenging the order granting Defendants' motions to dismiss), *with* ECF No. 103-3 at 2–6 (Kunzer's opposition brief to Kemper's sanctions motion, which essentially recites the same factual allegations); *see also* ECF No. 102-4 at 3–20 (Kunzer objecting to the Court's order on Defendants' motions to dismiss by repeating the allegations in the complaint and Kunzer's arguments made during briefing on Defendants' motions). The Court will not address these arguments further. *See Voss*, 917 F.3d at 626 n.6.

Kunzer also complains that the Court's order on Defendants' motions to dismiss did not recite certain factual allegations from Kunzer's complaint. *See* ECF No. 102-3 at 8–20, ECF No. 102-4 at 1–3. That is true. The Court only included the factual allegations in its order relevant to deciding the motions. Even assuming the truth of all of those factual

allegations, which the Court has done, Kunzer's complaint still fell woefully short of stating any plausible claim to relief. Additionally, many of the "facts" that Kunzer proffers here (and alleged in his complaint) are legal conclusions, ECF No. 102-3 at 10–13, 15–20, ECF No. 102-4 at 1–3, which are not accepted as true on a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Kunzer has not identified a manifest error of law or fact in this Court's orders, but merely "repeat[s] arguments previously made to and rejected by the Court," his request for Rule 59(e) relief cannot succeed. *Benson*, 2021 WL 323954, at *2.

## ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Kunzer's Rule 59(e) Motions (ECF Nos. 102, 103) are **DENIED**.

Dated: May 20, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge